BAY POPLAR LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12269.   Promulgated July 16, 1928.

*Simon Fleishman, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

## OPINION.

LITTLETON: Petitioner bases its claim for assessment of its profits tax under section 328 of the Revenue Act of 1918 upon the ground that there were abnormal conditions affecting its capital and income during 1920 and relies upon the fact that its gross sales in 1920 were much larger than they were in certain prior and subsequent years;

the salaries of its officers were moderate and that none were paid prior to 1918; that the cost of selling its product was small and easily affected and that such conditions had existed for several years, though results prior to 1920 had not been so satisfactory.

The evidence is not sufficient to warrant the Board in holding that there existed in 1920 such abnormal conditions as would entitle petitioner to a computation of its profits tax under section 328 of the Revenue Act of 1918.

All of the officers of petitioner had and attended to other business than that of petitioner, and there is nothing to indicate that the salaries paid were not adequate, that these officers could have obtained more elsewhere for the same services or that others, equally effective, could not have been obtained for the same salary. *Wisconsin Butter & Cheese Co.*, 10 B. T. A. 852.

The fact that gross sales in 1920 were larger than those in prior and subsequent years does not establish an abnormality in the income. We do not know what the net income or invested capital was during 1920. The provisions of the special assessment sections of the statute do not apply when the tax, computed without the benefit of those sections, is high merely because the corporation earned within the year a higher rate of profit. Petitioner has not sustained the burden of proof of showing error in the Commissioner's refusal to compute its profits tax under the special assessment provisions of the statute.

*Judgment will be entered for the respondent.*